**COM**
MARY R. SEILER
1476 RANCHO NAVARRO STREET
HENDERSON, NV  89012
702-812-3878
MARYSEILERLVNV@YAHOO.COM
PLAINTIFF IN PROPER PERSON

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

MARY R. SEILER,

              Plaintiff,

        -vs-

ENCORE RECEIVABLE MANAGEMENT, INC.,
AKA ENCORERMI, CAVALRY PORTFOLIO
SERVICES LLC, ROBERTINO GOODING,
CAPITAL MANAGEMENT SERVICES, LP and
DOES 1 through 25,

              Defendants.

**2:11-cv-02099-JCM -VCF**

**COMPLAINT**

    Plaintiff, Mary R. Seiler, hereby sues Defendants, Encore Receivable

Management, Inc., AKA Encorermi, Cavalry Portfolio Services, LLC, Robertino

Gooding, Capital Management Services, LP and Does 1 thought 25, and claims the

following:

**I.      PRELIMINARY STATEMENT**

    This is an action for actual damages brought for violations of the Fair Debt

Collection Practices Act (FDCPA) 15 U.S.C. 1692 et seq., and the Fair Credit Reporting

Act (FRCA) 15 U.S.C. 1681 et seq.

**II.     JURISDICTION AND VENUE**

A.      The jurisdiction of this Court is found in 15 U.S.C. 1692 G 809 and pursuant to:

1.      15 U.S.C. 1692k(d), wherein an action to enforce any liability created by this subchapter may be brought in any appropriate United States District Court without regard to the amount in controversy, or in any other Court of competent jurisdiction, within one year form the date on which the violation occurs and

2.      28 U.S.C. 1367 for pendent state law claims wherein this Honorable forum has supplemental jurisdiction for the authority of United States federal courts to hear additional claims substantially related to the original claim even though the court would lack the subject-matter jurisdiction to her the additional claims independently.

3.      Venue is proper in this Circuit pursuant to 28 U.S.C. 1391(b).

4.      This is an action for damages which exceeds $5,000.00.

5.      All conditions precedent to the bringing of this action have been performed, waived or excused.

6.      Plaintiff respectfully requests the right to amend this complaint where additional information is needed to adjudicate this claim fairly.

III.     **PARTIES**

A.      Plaintiff, Mary R. Seiler (Plaintiff) is a resident of the State of Nevada.  The Plaintiff lives at and has lived at 1476 Rancho Navarro Street, Henderson, NV  89012 since January 2004.

B.      Defendant Encore Receivable Management, Inc., AKA ENCORERMI, (Encore) was and is collecting an un-validated/un-verified debt for HSBC.  Defendant Encore Receivable Management, Inc., AKA ENCORERMI, is a debt collector and Foreign Corporation located in the State of Ohio.

C.      Defendant Cavalry Portfolio Services, LLC (Cavalry) was and is collecting an un-validated/un-verified debt for HSBC.  Cavalry Portfolio Services, LLC is a debt collector and Foreign Corporation located in the State of Delaware.

D.      Defendant Robertino Gooding (Gooding) is an agent of Cavalry Portfolio Services, LLC, and whose state of residence is unknown at this time.  This complaint will be amended to reflect the state of residence once it is known to the Plaintiff.

E.      Defendant Capital Management Services, LP, (Capital) was and is collecting an un-validated/un-verified debt for HSBC.  Capital Management Services is a debt collector and Foreign corporation located in the State of Delaware.

F.      Plaintiff is ignorant of the true names and capacities of all potential Defendants and therefore sues these Defendants as Doe.  Plaintiff will amend this complaint to allege the true names and capacities of said Doe's.

G.      Certain of the Doe Defendants, whose identities are currently unknown to Plaintiff, acted as the joint venturers, general partners, co-conspirators, principals, agents, employees, officers, attorneys, accountants, or advisors to the named Defendants herein, and at such time were on notice of facts sufficient to suggest the existence of the improprieties alleged herein to a reasonable and prudent person of the same profession, yet said Defendants assisted the named Defendants either intentionally or negligently, or acted in a legally culpable manner or capacity so as to be jointly and severally liable herein, all as will be alleged with more specificity after discovery in this case.

(1).     Unknown to Doe Defendant, Encore Receivable Management, Inc., AKA ENCORERMI, is not registered as a debt collector on the records of the Nevada Business and Industry.

(2).     Unknown to Doe Defendant, Encore Receivable Management, Inc., AKA ENCORERMI, is an entity foreign to the State of Nevada.

### III. DEFENDANT'S INDIVISIBLE LIABILITY FOR INDIVISIBLE HARM

A.    Plaintiff, in the instant cause, has suffered harm as the result of the actions of unknown Does.

B.    The Defendants and Does have acted in concert and collusion, one with the other, toward a harmful outcome to Plaintiff as alleged infra.

C.    The alleged harm to Plaintiff is indivisible in its nature and cannot reasonably be apportioned to multiple actors.

D.    In the interest of judicial economy, Plaintiff only included the Defendants who are currently violating the FDCPA toward the furtherance of the ultimate harm intended by the acts infra.

### IV. FACTUAL ALLEGATIONS

**CONCERNING DEFENDANT ENCORE:**

1).    On October 31, 2011, Plaintiff pulled a copy of her credit report from Transunion, Equifax and Experian credit reporting agencies.

2).    On or about July 23, 2010, Defendant Encore initiated a hard pull of Plaintiff's Transunion credit report without permissible purpose to do so.

(See **Exhibit** A)

3).    On November 21, 2011 at 8:30 a.m., Defendant Encore received a certified letter with USPS Tracking No.:  7011 0110 0002 4220 9965, whereby the Plaintiff asked for proper validation of Defendants claim, making Plaintiff aware of its obligations under the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. (FDCP), and instructing it to immediately remove the account from the credit report. (See **Exhibit** B)

4).    On December 5, 2011 at 8:36 a.m., the Defendants received by USPS Certified Mail a letter from the Plaintiff addressing the matter of this case a final time before attempting to file a law suit against them.  (See **Exhibit** C)

5).      From December 6, through December 18, 2011, the Plaintiff has continually tried to resolve the dispute by email with the Defendants before filing this law suit.  The Defendants have continued to Deny any wrong doing in this case and refuse to give the needed information to find out where the Defendants information came from. (See **Exhibit** E)

6).      On Friday, December 9, 2011 at 11:30 a.m., Plaintiff received an email from Defendants.  The Defendants claim in an attached letter to the Plaintiff that they pulled the credit report for the company HSBC account ending in 8788.  (See **Exhibit** D)

However, there is no HSBC account ending in 8788 visible on the Plaintiff's credit report.

7).      On December 19 & 22, 2011, Plaintiff emailed the Defendant again asking for the information needed to verify the debt, to settle the dispute, and the Defendants have not replied.      (See **Exhibit** E)


**CONCERNING DEFENDANT CAVALRY:**

1).      On March 2, 2011, Defendant Cavalry pulled my credit report without my knowledge or permission.  Since that period of time, Cavalry has been making reports to the credit bureaus starting on February 1, 2011.

2).      On November 25, 2011, Cavalry received two certified letters from the Plaintiff requesting information concerning her credit reports.  Cavalry has not answered the questions required by federal law to date.

3).      On December 6, 2011, a letter was faxed to Cavalry at 4:16 p.m., asking once more for information concerning the credit reporting and to answer Plaintiffs questions according to federal guidelines.

4).     On December 12, 2011 at 4:18 p.m. and on December 18, 2011 at 11:51 a.m., the Plaintiff emailed Cavalry in an attempt to have her questions answered and to settle their dispute.  However, the emails were ignored.

**CONCERNING DEFENDANT GOODING:**

1).     On December 6, 2011, at 4:16 p.m., a letter was faxed to Robertino Gooding, an agent of Defendant Cavalry Portfolio Services, LLC.  Defendant Gooding has not yet responded to the fax.

**DEFENDANT CAPITAL:**

1).     On approximately December 8, 2011, the Plaintiff received a letter from Defendant Capital in an attempt to collect a debt for Defendant Cavalry.

2).     On December 12, 2011 at 4:18 p.m. and on December 18, 2011 t 11:51 a.m., the Plaintiff emailed the Defendant in an attempt to gain knowledge concerning their attempt to collect a debt.  However, Capital has not responded to the emails.

**COUNT 1**

1.     Defendants violated 15 U.S.C. 1692(e), by false, deceptive and misleading representation or means in connection with the debt collection.

a.     Defendants while attempting to collect an alleged and unverified debt made false and misleading representations in communications when it misrepresented the party he was collecting for.

b.     Defendant failed to validate the debt or demonstrate he was not making false and misleading representations in communications when misrepresenting the alleged creditor.

**COUNT 2**

1.     Defendants violated, 15 U.S.C. 1692(e)(2) by falsely representing the character, amount, or legal status of any debt.

a.    Defendants misrepresented the character amount of an alleged debt when they represented the debt as an obligation to Encore Receivable Management.  Plaintiff learned and can prove at trial such consumer accounts are sold and securitized.  HSBC the alleged creditor/Original Institution has no standing or interest.

b.    Defendants failed to validate their claim.

c.    Defendant failed to validate the debt or demonstrate the debt was not misrepresented in nature.

d.    Preceding count is fully re-alleged and set herein.

## COUNT 3

1.    Defendants violated, 15 U.S.C. 1692(e)(2) by falsely representing the legal status of a debt.

a.    Defendants misrepresented the legal status of an alleged debt by attempting to presume the alleged debt was owed to them in some amount they will not disclose to the Plaintiff.

b.    Defendants failed to validate the debt.

c.    Defendants failed to validate the legal status of the debt or demonstrate they were note holders with an interest.

d.    Preceding counts are fully re-alleged and set herein.

## COUNT 4

1.    Defendants violated, 15 U.S.C. 1692(f)(1) by falsely representing the amount of a debt, that there even is a debt, and what amount this debt might be.

a.    Defendants misrepresented the amount of the debt by alleging certain or uncertain sums were due by charging hypothetical interest rates on an alleged an un-validated debt.

b.    Defendants failed to validate the debt.

c.     Defendants failed to validate the amount of the debt or demonstrate interest charged was a term in the alleged nonexistent agreement.

d.     Preceding counts are fully re-alleged and set herein.

## COUNT 5

1.     Defendants violated 15 U.S.C. 1692(g)(b) by continuing collection activity after receiving notice of dispute, and failed to provide written validation of debt before resuming collection activities.

a.     Defendants willfully violated 15 U.S.C. 1692(g)(b) when Plaintiff sent the First request for validation on November 21, 2011 and the Second request for validation on December 5, 2011 via certified mail, and a Final request via email on December 19, 2011 in accordance with 15 U.S.C. 1692(G) 809(b), of the Fair Debt Collection Practices Act.

b.     The Plaintiff mailed the dispute notices/validation via certified mail to the Defendants .

c.     The request for validation specifically stated by the Fair Debt Collection Practices Act, The Fair Credit Reporting Act and also for violations of the State UDTPA NRS 649.  Such requests for violations specifically state:

*"I must demand proof of this debt, specifically the alleged contract or other instrument bearing my genuine signature, as well as proof of your authority in this matter.  Absent such proof, you must correct any erroneous information associated with this account.*

*1. Please evidence if this debt is a taxable gain and reportable to the IRS?*

*2. What is your authorization of law for the collection of my personal information?*

*3. What is your authorization of law for the collection of this alleged debt?*

*4. Please evidence your authorization to do business in this state?*

5. *Please evidence proof of the alleged debt, including specifically the alleged contract or other instrument bearing my genuine signature and the CUSIP numbers?*

6. *Please provide a complete account history, including any charges added for collection activity.*

*Please be advised that I am requesting validation and competent evidence that I had a contractual obligation and consumer protection encumbrance whereby I incurred the original claims associated with this purported debt."*

d.      The second request for validation specifically stated:

*I must demand proof of this debt, specifically the alleged contract or other instrument bearing my genuine signature, as well as proof of your authority in this matter. Absent such proof, you must correct any erroneous information associated with this account.*

1. *Please evidence if this debt is a taxable gain and reportable to the IRS?*

2. *What is your authorization of law for the collection of my personal information?*

3. *What is your authorization of law for the collection of this alleged debt?*

4. *Please evidence your authorization to do business in this state?*

5. *Please evidence proof of the alleged debt, including specifically the alleged contract or other instrument bearing my genuine signature and the CUSIP numbers?*

6. *Please provide a complete account history, including any charges added for collection activity.*

7. *I do expect a response within a reasonable amount of time from the receipt of this notice. If I do not hear from you, I intend to follow through and file suit against you.*

e.      Defendants failed to validate the debt.

f.      Defendants have continued collection activities as reflected in Plaintiff's Experian Credit Report as of October 31, 2011.

g.      Preceding counts are fully re-alleged and set herein.

### COUNT 6

1.      Defendants violated 15 U.S.C. 1692(e)(10) by using false representation and deceptive means to collect a debt.

a.      Defendants made false representations with the aid of electronic copies of alleged statements, which contained inaccurate information contradicting the Defendants claims.

b.      Defendants relied on electronic copies of statements to create the illusion of an accurate accounting of a valid in force debt.

c.      Defendants failed to validate the debt and relied on the fabrication of evidence in support of an alleged un-validated debt.

d.      Preceding counts are fully re-alleged and set herein.

### COUNT 7

1.      Defendants violated 15 U.S.C. 1692(f)(1) by attempting to collect an amount not authorized or permitted by law.

a.      Plaintiff sought validation of the alleged agreement from the Defendants.

b.      The alleged debt was more than five-hundred dollars.

c.      Plaintiff disputed the validity of her genuine signature on the alleged agreement demanding strict proof.

d.      Defendants failed to validate the legal status of the debt or demonstrate they were note holders with an interest, or that a contract or agreement existed and it was permitted by law.

e.      Preceding counts are fully re-alleged and set herein.

### COUNT 8

1.      Defendants violated 15 U.S.C 809 by claiming, attempting or threatening to enforce a debt when such persons knew that the debt was not legitimate.

a.      Defendants in an attempt to collect an illegitimate debt obfuscated the Parties to create confusion and avoid culpability for the collection of an illegitimate debt.

b.      Defendants failed to validate the debt.

c.      Defendants failed to validate the legitimacy of the debt.

d.      Preceding counts are fully re-alleged and set herein.

## COUNT 9

1.      Defendants violated 15 U.S.C. 1682(e)(8) by communicated false credit information to Experian, Equifax and Transunion about Plaintiff.

a.      On or about July 23, 2010, without first communicating with Plaintiff, the Defendant caused a collection account number to be placed on Plaintiff's Credit Reports, thereby reducing her credit score.

b.      Defendant updated the Plaintiff's Credit Reports continually and states that it is an open account, as reflected in the Exhibits.

c.      Defendant failed to validate the debt.

d.      Defendants failed to validate the legitimacy of the debt.

e.      Preceding counts are fully re-alleged and set herein.

## COUNT 10

1.      Defendant violated 15 U.S.C. 1682(e)(8) by communicating false credit information to the Credit Bureaus without permissible purposes.

2.      On or about July 23, 2010 without first communicating with Plaintiff, Defendant caused a collection account number to be placed on Plaintiff's Credit Reports, thereby reducing her credit score.

3.      Defendant updated Plaintiff's Credit Reports continually, stating it is an open account, as reflected in the Exhibits.

a.      Defendant failed to validate the debt.

b.      Defendants failed to validate the legitimacy of the debt.

c.      Even if Plaintiff did have such an agreement, which Plaintiff denies, the alleged debt is not in question here.  But the fact as to how it was or was not validated and wrongful actions of the Defendants in an attempt to collect the alleged debt, violated the civil rights of the plaintiff and the law as outlined in the Fair Debt Collections Act, 15 U.S.C. 1601, et seq.

d.      Preceding counts are fully re-alleged and set herein.

### COUNT 11

1.      Violation of The Fair Credit Reporting Act (FCRA), 15 U.S.C. 1681 willful non-compliance by Defendants.

2.      Preceding counts are fully re-alleged and set herein.

3.      Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. 1681(a)(c).

4.      Defendants are furnishers of information within the meaning of the FCRA 15 U.S.C. 1681(s-2).

5.      Defendants willfully violated the FCRA.  Defendant's violations include, but are not limited to the following:

a.      Defendants willfully violated 15 U.S.C. 1681(s-2)(a)(3) by, if the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, failing to furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer.

b.      Defendants willfully violated 15 U.S.C. 1681(s-2)(b)(1)(A) by, after receiving notice pursuant to 1681(i) of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, negligently failing to conduct an investigation with respect to the disputed information.

c.      Defendants willfully violated 15 U.S.C. 1681(s-2)(b)(B) by, after receiving notice pursuant to 1681(i) of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, failing to review all relevant information provided by the consumer reporting agencies.

d.      Defendants willfully violated 15 U.S.C. 1681(s-2)(b)(C) by, after receiving notice pursuant to 1681(i) of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, failing to direct such consumer reporting agencies to delete inaccurate information about the plaintiff pertaining to the account.

**COUNT 12**

1.      Violation of the Fair Credit Reporting Act (FRCA), 15 U.S.C. 1681 Negligent non-compliance by Defendants.

2.      Preceding Counts are fully re-alleged and set herein.

3.      Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. 1681(a)(c).

4.      Defendants are furnishers of information within the meaning of the FCRA 15 U.S.C. 1681(s-2).

5.      Defendants negligently violated the FCRA.  Defendant's violations include, but are not limited to, the following:

a.      Defendants negligently violated 15 U.S.C.(s-2)(a)(3) by, if the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, failing to furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer.

b.      Defendant negligently violated 15 U.S.C. 1681(s-2)(b)(1) by, after receiving notice pursuant to 1681(i) of a dispute with regard to the completeness or

accuracy of any information provided by a person to a consumer reporting agency,

negligently failing to conduct an investigation with respect to the disputed information.

c.      Defendants negligently violated 15 U.S.C. 1681(s-2)(b)(B) by, after

receiving notice pursuant to 1681(i) of a dispute with the regard to the completeness or

accuracy of any information provided by a person to a consumer reporting agency,

failing to review all relevant information provided by the consumer reporting agencies.

d.      Defendants negligently violated 15 U.S.C. 1681(s-2)(b)(C) by, after

receiving notice pursuant to 1681(i) of a dispute with regard to the completeness or

accuracy of any information provided by a person to a consumer reporting agency,

failing to direct such consumer reporting agencies to delete inaccurate information

about the plaintiff pertaining to the account.

6.      Defendants continue violating federal and state laws at Plaintiff's expense.

7.      Plaintiff contends that the illegal actions of Defendants have harmed the

Plaintiff, resulting in credit denials, credit delays, inability to apply for credit, financial

loss, loss of use of funds, mental anguish, humiliation, a loss of reputation, and

expenditures for attorney's fees and costs.

WHEREFORE, Plaintiff demands judgment for damages against Defendants for

actual damages, and attorney's fees and costs, pursuant to 15 U.S.C. 1681(o).

## COUNT 13

1.      Defendants violated 604 Permissible Purposes of Consumer Reports (15

U.S.C. 1681(b)

a.      In accordance with the written instructions of the consumer to whom it

relates no permissible purpose to pull the report.  On or about July 23, 2010 the

Defendant performed a inquiry into the Plaintiffs Credit Reports.  The Defendant has not

provided acceptance proof of any alleged debt subsequently violating the following in

the FCRA, there was no authorization by the Plaintiff to pull the report.

b.      Plaintiff contends that the illegal actions of Defendants have harmed the Plaintiff, resulting in credit denials, credit delays, inability to apply for credit, financial loss, loss of the use of funds, mental anguish, humiliation, a loss of reputation, and expenditures for attorney's fees and costs.

c.      The Plaintiff denies ever having any contractual agreement for credit, loans or services relationship with the Defendant.  Even if the Plaintiff did have such an agreement, which the Plaintiff denies, the alleged account is not in question here.  But the fact as to how it was or was not verified and wrongful actions of the Defendant in inserting erroneous and inaccurate information and failure to remove the account from the Plaintiffs credit reports, violated the civil rights of the Plaintiff and the law as outlined in The Fair Credit Reporting Act 15 U.S.C. 1681, et. seq.

WHEREFORE, Plaintiff demands judgment for damages against Defendants for actual damages, and attorney's fees and costs, pursuant to 15 U.S.C. 1681(o).

### RELIEF SOUGHT

WHEREFORE, Plaintiff demands judgment for damages against Defendants for actual damages, and attorney's fees and costs, pursuant to 15 U.S.C. 1681(n) and 15 U.S.C. 1681(o).

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully, submitted this _27_ day of December, 2011.

MARY R. SEILER
1476 RANCHO NAVARRO
HENDERSON, NV 89012

**EXHIBIT   A**



Credit Report Prepared For:

# MARY R SEILER

Report as Of: 10/31/2011



*Personal & Confidential*

Please keep in a safe place for your records.

# Credit Inquiries

Here you will find the names of those who have obtained a copy of your credit report, including lenders, landlords and employers. Remember, inquiries remain on your report for up to 2 years.

---

  Experian          Equifax          TransUnion

          Business Name
                             Inquiry Date
                             Business Type



---

**ENCORERMI**           Experian          Equifax          TransUnion

          Business Name                                     ENCORERMI
                             Inquiry Date                                      7/23/2010
                             Business Type                                     Collection services
*No Phone Provided*
400 N ROGERS RD
OLATHE, KS 66062

---

  Experian          Equifax          TransUnion

          Business Name
                             Inquiry Date
                             Business Type



---

 Experian          Equifax          TransUnion

                             Inquiry Date
                             Business Type


---

Personal Information     Report Summary     Bankruptcies     Credit Inquires *Page 3 of 5*     Credit Cards & Loans     Credit Score

**EXHIBIT   B**

November 17, 2011

MARY R. SEILER
1476 RANCHO NAVARRO STREET
HENDERSON, NV  89012

ENCORERMI
400 NORTH ROGERS ROAD
OLATHE, KS  66062

DEAR ENCORERMI,

I RECENTLY RECEIVED A COPY OF MY CREDIT REPORT.  ON THE REPORT, I FOUND THAT
"ENCORERMI"PULLED MY CREDIT REPORT WITHOUT MY KNOWLEDGE ON 7/23/2010.

CAN YOU PLEASE TELL ME WHY YOU PULLED MY CREDIT REPORT, AND WHERE YOU GOT MY
INFORMATION FROM?

I NEVER RECEIVED ANY KNOWLEDGE OF "ENCORERMI" PULLING MY CREDIT REPORT AND WANT TO
KNOW WHERE YOU OBTAINED MY INFORMATION FROM, AND I WANT TO KNOW FOR WHAT PURPOSES
DID YOU USE MY CREDIT REPORT?

SINCERELY,

MARY R. SEILER

PLEASE REMOVE ME FROM YOUR CALL LIST.

7011 0110 0002 4220 9965

7011 0110 0002 4220 9965

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ Nov 21 $2.30 |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Sent To ENcorement
Street, Apt. No; or PO Box No. 1100 N Rogers Rd
City, State, ZIP+4 Olathe KS 66062

PS Form 3800, August 2006          See Reverse for Instructions

---

7011 1150 0001 1910 1212

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Sent To Encorem i
Street, Apt. No; or PO Box No. 400 N orth Rogers Road
City, State, ZIP+4 Olathe KS 66062

PS Form 3800, August 2006          See Reverse for Instructions

- **GET HELP TO:**
  - o Learn About Domestic & International Money Orders ›
  - o Learn About SureMoney® (DineroSeguro®) ›
  - o Apply for a Passport ›

  - o Calculate Business Prices ›
  - o Try Every Door Direct Mail™ ›

**GET HELP TO:**

  - o Compare Business Services ›
  - o Add Extra Services ›
  - o Find Payment Options ›
  - o Send Mail for Business ›
  - o Ship Orders ›
  - o Ship Internationally ›
  - o Receive Business Mail ›
  - o Get Training & Learn To Grow ›
  - o Track with Intelligent Mail ›
  - o Manage Address Quality ›
  - o Learn About Remittance Mail ›
  - o Learn About Expanded Access ›
  - o Find Customer Relations Info ›

# Track & Confirm

| CHECK ALL RESULTS | YOUR LABEL NUMBER | SERVICE | STATUS OF YOUR ITEM | DATE & TIME |
|---|---|---|---|---|
| Results 1 | 70110110000242209965 | First-Class Mail® | Delivered | November 21, 2011 am |
| | Label number 70110110000242209965 open-close link Hide Details | | | |

Arrival at Unit

November 21, 2011, 3:42 am

OLATHE, KS 66062

Processed through USPS Sort Facility

November 20, 2011, 7:35 pm

KANSAS CITY, MO 64121

| CHECK ALL RESULTS | YOUR LABEL NUMBER | | SERVICE | STATUS OF YOUR ITEM | DATE & TIME |
|---|---|---|---|---|---|

Acceptance

November 18, 2011, 8:48 am

HENDERSON, NV 89014

| | 70111150000119101212 | | First-Class Mail® | Delivered | December 05, 2011 |
|---|---|---|---|---|---|
| Results 2 | | | | | am |

Label number 70111150000119101212 open-close link Hide Details

Arrival at Unit

December 03, 2011, 5:43 am

OLATHE, KS 66062

Depart USPS Sort Facility

December 03, 2011

KANSAS CITY, MO 64121

Processed through USPS Sort Facility

December 02, 2011, 9:21 pm

KANSAS CITY, MO 64121

Acceptance

**EXHIBIT   C**

November 29, 2011

MARYSEILER
1476 RANCHO NAVARRO ST
HENDERSON, NV  89012
702-812-3878
MARYSEILERLVNV@YAHOO.COM

ENCORERMI
400 NORTH ROGERS ROAD
OLATHE, KS  66062

<u>**YOU ARE GOING TO BE SUED**</u>

Dear Sir or Madam,

I regret to inform you that your Corporation is now the target of a lawsuit due to an endless circle
of grief you have caused me. You have violated the Fair Debt Collection Practices Act, The Fair
Credit Reporting Act. I have an extensive paper trail along with substantial proof of these
violations. There are also state violations as outlined in the UDTPA NRS 649.

**The complaint will be filed in Federal Court, in the District of Las Vegas, Nevada.**

I am willing to settle this matter and save us both the aggravation of fighting this out in Federal



1.

2.  A letter from stating that you will delete this matter from your files and cease all further
communications with me regarding this matter.

 If you decline this offer of settlement, I will seek the full amount available in Federal Court and
a court order from the judge ordering you pay the judgment amount.

You have until the close of the business day on November 29, 2011 to contact me, <u>**via email
only**</u> for settlement.  I look forward to your response. Do not make the mistake of ignoring this
communication. The ball is in your court.

If I do not hear from you regarding this serious matter, this notice will be added to the Federal
Complaint as an exhibit. And you can explain to the Judge how you wanted this matter
adjudicated.

**Do not call me**, phone calls are strictly prohibited, and you do not have my permission to do so.

Sincerely, _____

7011 1150 0001 1910 1212

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

Postage | $ Nov 21 8:30a
Certified Fee | Postmark Here
Return Receipt Fee (Endorsement Required) |
Restricted Delivery Fee (Endorsement Required) |
Total Postage & Fees | $

Sent To  Encorekni
Street, Apt. No.; or PO Box No.  400 N Rogers Rd
City, State, ZIP+4  Olathe KS 66062

7011 0110 0002 4220 9965

PS Form 3800, August 2006          See Reverse for Instructions

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

Postage | $
Certified Fee | Postmark Here
Return Receipt Fee (Endorsement Required) |
Restricted Delivery Fee (Endorsement Required) |
Total Postage & Fees | $

Sent To  Encorekni
Street, Apt. No.; or PO Box No.  400 North Rogers Road
City, State, ZIP+4  Olathe KS 66062

7011 1150 0001 1910 1212

PS Form 3800, August 2006          See Reverse for Instructions

- **GET HELP TO:**
  - Learn About Domestic & International Money Orders ›
  - Learn About SureMoney® (DineroSeguro®) ›
  - Apply for a Passport ›

  - Calculate Business Prices ›
  - Try Every Door Direct Mail™ ›

**GET HELP TO:**

- Compare Business Services ›
- Add Extra Services ›
- Find Payment Options ›
- Send Mail for Business ›
- Ship Orders ›
- Ship Internationally ›
- Receive Business Mail ›
- Get Training & Learn To Grow ›
- Track with Intelligent Mail ›
- Manage Address Quality ›
- Learn About Remittance Mail ›
- Learn About Expanded Access ›
- Find Customer Relations Info ›

# Track & Confirm

| CHECK ALL RESULTS | YOUR LABEL NUMBER | | SERVICE | STATUS OF YOUR ITEM | DATE & TIME |
|---|---|---|---|---|---|
| Results 1 | 70110110000242209965 | | First-Class Mail® | Delivered | November 21, 2011 am |
| | Label number 70110110000242209965 open-close link Hide Details | | | | |

Arrival at Unit

November 21, 2011, 3:42 am

OLATHE, KS 66062

Processed through USPS Sort Facility

November 20, 2011, 7:35 pm

KANSAS CITY, MO 64121

| CHECK ALL RESULTS | YOUR LABEL NUMBER | SERVICE | STATUS OF YOUR ITEM | DATE & TIME |
|---|---|---|---|---|

Acceptance

November 18, 2011, 8:48 am

HENDERSON, NV 89014

| | 70111150000119101212 | First-Class Mail® | Delivered | December 05, 2011 am |
|---|---|---|---|---|
| Results 2 | | | | |

Label number 70111150000119101212 open-close link Hide
Details

Arrival at Unit

December 03, 2011, 5:43 am

OLATHE, KS 66062

Depart USPS Sort Facility

December 03, 2011

KANSAS CITY, MO 64121

Processed through USPS Sort Facility

December 02, 2011, 9:21 pm

KANSAS CITY, MO 64121

Acceptance

**EXHIBIT  D**

**Lysbeth L. George**
Direct Tel: (405) 234-3245
Direct Fax: (405) 272-5203

lysbeth.george@crowedunlevy.com

December 9, 2011

**VIA E-MAIL**

Dr. Mary Seiler
1476 Rancho Navarro St
Henderson, Nevada
maryseilerlvnv@yahoo.com

Re:    Dispute with Encore Receivable Management, Inc. ("Encore")

Dear Dr. Seiler:

I have reviewed your correspondence dated November 29, 2011 and discussed your threatened lawsuit based under the Fair Credit Reporting Act (the "FCRA") and Fair Debt Collection Practices Act ("FDCPA") with my client, Encore Receivable Management, Inc. ("Encore").

As the sole basis for both of your FCRA claims, you contend that Encore obtained a copy of your credit report without a permissible purpose. This request was in connection with Encore's collection of a debt that you owed to HSBC (account ending in 8788). Under the FCRA, a consumer report may be furnished by a consumer reporting agency and obtained by a person only for those purposes authorized by the statute. 15 U.S.C. § 1681b. One such "permissible purpose" set forth in Section 1681b is where the information is sought "in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer." 15 U.S.C. § 1681b(a)(3)(A) (emphasis added). In fact, Federal Trade Commission ("FTC"), the organization charged with enforcing and interpreting the FCRA, has interpreted this FCRA section to expressly include a collection agency's receipt of a consumer's credit report in its attempts to collect that consumer's debt. 16 C.F.R. § 600, App. 604(3)(A)(1)(A); 55 Fed. Reg. 18804, 18814 (May 4, 1990). Thus, Encore's inquiry with respect to your credit report is clearly permitted by the FCRA as it was in conjunction with the collection of your HSBC credit account.

Accordingly, Encore's inquiry with respect to your credit report was a permissible use expressly contemplated by the FCRA. However, Encore wishes to amicably

Dr. Mary Seiler
December 9, 2011
Page 2

resolve any concerns you may have regarding your credit report and is willing to remove the inquiry from your TransUnion credit report.  In order to do so, you will need to provide the following information:

· Your name, address, and social security number;
· Date of the inquiry;
· Written request to remove inquiry; and
· Your signature.

Additionally, in your email dated December 8, 2011, you allege that Encore has committed Fraud, Intentional Misrepresentation, and violated the First Amendment by reporting itself as ENCORERMI.  The FDCPA prohibits the "use of any business, company, or organization name other than the [collector's] true name." The Federal Trade commission has interpreted this section of the FDCPA to permit debt collectors to use a commonly used acronym.  *See* FTC Statements of General Policy or Interpretations on the FDCPA, 53 Fed. Reg. 50097, 50107 (Dec 13, 1988).  15 U.S.C. § 1692(e)(15).  ENCORERMI is only an abbreviation of Encore Receivable Management, Inc.  Furthermore, Encore's web address is http://www.encorermi.com.  Accordingly, ENCORERMI is merely an acronym and use thereof does not constitute a violation of any federal or state law.

Please do not hesitate to contact me with any questions.

Sincerely,

Lysbeth George

2264522.01

**EXHIBIT   E**

**<u>Re: last attempt</u>**

TO: 1 More1 recipient
CC: recipientsYou More
BCC: recipientsYou
<u>Hide Details</u>
FROM:

- <u>Mary Seiler</u>

TO:

- <u>Lysbeth George</u>

<u>Message flagged</u>
Monday, December 19, 2011 2:22 PM

**Message body**

Ms. George,

I still have not gotten any information from you other than you pulled my credit for an HSBC
Account ending in #8788.  I need more information than that as required by the Federal Acts.
Please forward more information than what you have given me, or I will be forced to proceed
without the required information.

Sincerely,

Dr. Mary R.Seiler